United States Court of Appeals

For the Eighth Circuit

_____

No. 12-3876

_____

Steven Owens,

*Plaintiff - Appellant,*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: June 10, 2013
Filed: August 23, 2013

_____

Before COLLOTON, GRUENDER, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Steven Owens appeals the district court's order affirming the denial of his application for Social Security disability insurance benefits and supplemental security income. Because there was a flaw in the administrative law judge's determination of residual functional capacity, we reverse and remand with directions to remand the case to the Commissioner for further proceedings.

Owens applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and for supplemental security income under Title XVI of the Act, *id.* § 1382, claiming a disability onset date of June 25, 2007. Owens's disability claims were based on pain, diverticulitis, and arthritis in his hands, back, knees, and right hip.

The Social Security Administration denied Owens's claims after initial review. Owens sought reconsideration, and a state agency physician and disability specialist reviewed his case. After this review, the agency again denied Owens's claims.

Owens then requested a hearing, and an administrative law judge ("ALJ") determined that Owens was not entitled to benefits, because he was not disabled. The ALJ used the familiar five-step disability evaluation process outlined in 20 C.F.R. §§ 404.1520 and 416.920. *See, e.g.*, *Brock v. Astrue*, 674 F.3d 1062, 1064 n.1 (8th Cir. 2012).

The ALJ denied Owens's claim at step four, after determining Owens's residual functional capacity, which is defined as "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ concluded that Owens was not disabled, because he had the residual functional capacity to perform his past relevant work as an inspector/hand packager. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

Owens sought review by the Appeals Council, which denied his request for review, thus making the ALJ's opinion the final decision of the Commissioner. The district court upheld the Commissioner's decision. Owens now appeals. We review the district court's decision *de novo*, and will affirm if the Commissioner's decision is supported by substantial evidence on the record as a whole. *Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010).

In determining Owens's residual functional capacity, the ALJ found that Owens is able to lift twenty pounds occasionally, frequently lift ten pounds, sit for six hours in an eight-hour workday, stand and walk (combined) for six hours in an eight-hour workday, occasionally climb stairs, and occasionally balance, crouch, kneel, stoop, or crawl. The ALJ further determined that Owens is limited to an occasional ability to push and pull hand controls on the right, can use both hands for "frequent to occasional" handling and fingering, can only occasionally reach overhead with his right upper extremity, and has no manipulation limits with his hands or fingers.

Owens raises several challenges to the ALJ's decision, but we conclude that only one requires discussion at this stage, because the case must be remanded for further proceedings. We agree with Owens that the ALJ erred in determining his residual functional capacity as "frequent to occasional" handling and fingering, because "frequent" and "occasional" are separate terms of art with distinct meanings. *See, e.g.*, Social Security Ruling 85-15, 1985 WL 56857, at *7 (1985). Whether Owens can handle and finger "frequently" or only "occasionally" is central to the adjudication, because Owens cannot perform his past relevant work if he is limited to "occasional" handling and fingering.

The vocational expert characterized Owens's past relevant work as "inspector and hand packager." The Dictionary of Occupational Titles, a resource for determining the duties of a claimant's past relevant work, *see* 20 C.F.R. §§ 404.1560(b), 416.960(b), defines "frequently" as "activity or condition [that] exists from 1/3 to 2/3 of the time," and "occasionally" as "activity or condition [that] exists up to 1/3 of the time." Dictionary of Occupational Titles § 559.687-074, 1991 WL 683797 (G.P.O.). The dictionary provides that the inspector/hand packager job requires handling and fingering "[f]requently," or "from 1/3 to 2/3 of the time." *Id.*

During Owens's hearing, the ALJ asked the vocational expert about the importance of the terms "frequent" and "occasional" in Owens's case. The expert

testified that a person limited to "occasional" handling and fingering could not perform the inspector/hand packager job, while a person capable of "frequent" handling and fingering could do so. The ALJ confirmed the distinction between "frequent" and "occasional" abilities, but never questioned the vocational expert about the meaning of the phrase "frequent to occasional." So the expert did not testify whether the "frequent to occasional" limitation, whatever it means, would preclude Owens from performing his past relevant work.

Given that the Dictionary of Occupational Titles uses "frequent" and "occasional" to describe distinct and mutually exclusive ranges of activity, the Commissioner's contention that the phrase "frequent to occasional" simply means "up to 2/3 of the time" is unavailing. The phrase "frequent to occasional" has no established meaning in the vocational context. And even assuming the ALJ determined that Owens could use his hands for handling and fingering "up to" two-thirds of the time, that determination does not resolve whether he could perform the inspector/hand packager job. "Up to" two-thirds includes anything less than two-thirds; if Owens is limited primarily to "occasional" handling and fingering (*i.e.*, up to one-third of the time), then he cannot perform his past relevant work.

\*     \*     \*

For these reasons, we reverse and remand to the district court with directions to remand the case to the Commissioner for clarification of Owens's residual functional capacity and such further proceedings as may be warranted.

_____